[687 NYS2d 286]

In the Matter of CHARLES LEE QUAINTANCE, an Attorney, Resignor.

Second Department, May 3, 1999

**APPEARANCES OF COUNSEL**

*Charles Lee Quaintance,* Highland Falls, resignor *pro se.*

*Gary L. Casella,* White Plains, for Grievance Committee for the Ninth Judicial District.

**OPINION OF THE COURT**

Per Curiam.

Charles Lee Quaintance has submitted an affidavit dated November 9, 1998, wherein he tenders his resignation as an attorney and counselor-at-law (*see*, 22 NYCRR 691.9). Mr. Quaintance was admitted to the practice of law by the Appel-

late Division of the Supreme Court in the First Judicial Department on June 29, 1964.

Mr. Quaintance avers that his resignation is voluntary, free from coercion and duress, and submitted with an awareness of its implications. He acknowledges that he is currently the subject of an investigation by the Grievance Committee based upon a complaint alleging his failure to account for funds being held in escrow. Mr. Quaintance concedes that an investigation by the Grievance Committee revealed improprieties with respect to the management and operation of his escrow account.

Mr. Quaintance is aware that the Grievance Committee will seek authorization from the Court to initiate and prosecute a disciplinary proceeding against him, and intends also to seek his interim suspension. Mr. Quaintance admits that he cannot successfully defend himself on the merits against such charges.

Mr. Quaintance submits that he does not owe money to any clients. However, he is aware that, to the extent that any funds with which he has been entrusted may not be accounted for, this Court may order him to make monetary restitution to those persons whose money or property was misappropriated or misapplied, or to reimburse the Lawyers' Fund for Client Protection, and recognizes the continuing jurisdiction of the Court to make such an order. He acknowledges that an order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee supports the acceptance of the proffered resignation as in the best interests of the public.

As the resignation comports with the pertinent Court rules, it is accepted; Mr. Quaintance is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and THOMPSON, JJ., concur.

Ordered that the resignation of Charles Lee Quaintance is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Charles Lee Quaintance is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Charles Lee Quaintance shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Charles Lee Quaintance is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.